350 August 14, 2024 No. 563

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. A.-M. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

G. S. M.,
*Appellant.*

Yamhill County Circuit Court
23JU05817; A183505

Cynthia L. Easterday, Judge.

Submitted July 2, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded with instructions to enter a jurisdictional judgment omitting allegations 4C and 4G in the amended petition as a basis for jurisdiction; otherwise affirmed.

**POWERS, J.**

In this dependency proceeding, father appeals from a judgment of the juvenile court asserting jurisdiction over C, who was two years old at the time of the trial. Advancing five assignments of error, father argues that the juvenile court erred in asserting jurisdiction over C because there is insufficient evidence to support the allegations that father's substance abuse, failure to maintain a safe environment, and both his and mother's failure to protect C from domestic abuse were likely to cause harm to C. As explained below, we conclude that there was sufficient evidence to support the juvenile court's assertion of jurisdiction on each of the challenged allegations except the ones relating to domestic abuse between father and mother. Accordingly, we reverse and remand the jurisdictional judgment for entry of a judgment establishing dependency jurisdiction that is not based on allegations of domestic abuse, and we otherwise affirm.

Neither father nor the Department of Human Services (DHS) has requested *de novo* review (mother is not a party to this appeal), and this is not an exceptional case in which we would exercise our discretion to do so. *See* ORS 19.415(3)(b); ORAP 5.40(8)(c) (explaining that we exercise our discretion to review *de novo* "only in exceptional cases"); ORAP 5.40(8)(d) (outlining nonexclusive list of criteria relevant to the exercise of discretionary authority to review *de novo*). Therefore, we review the evidence in the light most favorable to the juvenile court's disposition as supplemented and buttressed by permissible derivative inferences and assess whether, when so viewed, the record was legally sufficient to permit that outcome. *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013).

The juvenile court has jurisdiction over a child whose "condition or circumstances are such as to endanger the welfare of [the child]." ORS 419B.100(1)(c). DHS must establish that the child's condition or circumstances "expose the child to a current threat of serious loss or injury that is likely to be realized." *Dept. of Human Services v. A. W.*, 276 Or App 276, 278, 367 P3d 556 (2016). Consistent with our standard of review described above, we set out only a

limited recitation of the facts as context for the assignments of error that we discuss below.

We have reviewed the record in its entirety and readily conclude that there is more than sufficient evidence to support the juvenile court's assertion of jurisdiction based on father's substance abuse and failure to maintain a safe living environment, both of which present a risk of serious harm to C that is reasonably likely to occur. We further conclude, however, that there is insufficient evidence to support the court's determination that "father was subjected to domestic abuse by the mother and the father is unable to protect the child from exposure to mother's abuse" and that "mother was subjected to domestic abuse by the father and the mother is unable to protect the child from exposure to father's abuse."[1]

Although there is evidence of domestic abuse between father and mother, we conclude that DHS failed to adduce sufficient evidence of a "current threat of serious loss or injury" to C because of that abuse. *See Dept. of Human Services v. D. W. M.*, 296 Or App 109, 120-21, 437 P3d 1186 (2019) (concluding that the father perpetuated domestic violence against the mother and that the child was exposed to that domestic violence, but reversing the jurisdictional basis because there was insufficient evidence that it presented a current risk of serious loss or injury to the child). The record contains evidence that law enforcement responded to repeated calls regarding domestic disturbances at father's home, but the details of those incidents are scarce. There is specific evidence of an incident where father chased mother down the street and threatened to kill her; however, it is

---

[1] Although mother is not a party to this appeal, father's contentions on appeal include assignments of error challenging the juvenile court's assertion of jurisdiction over C relating to allegations of domestic abuse by both parents and their inability to protect C. DHS has not objected to our consideration of the sufficiency of the court's findings relating to mother, and we conclude that it is properly before us. *See, e.g.*, *Dept. of Human Services v. C. M.*, 284 Or App 521, 527 n 5, 392 P3d 820 (2017) (concluding that it was appropriate to consider the father's challenge to allegations against the mother, who did not appeal, where DHS did not object and the juvenile court's findings on the allegations against both parents were "necessarily intertwined"); *see also Dept. of Human Services v. S. P.*, 249 Or App 76, 86 n 12, 275 P3d 979 (2012) (holding, in similar circumstances, that "[w]e need not consider whether the same result would obtain where the parents' circumstances are not so intertwined").

not clear from the evidence in the record where C was at that time, whether C witnessed that incident, or whether C was involved shortly before or after the incident. Further, there is evidence that C was present in the home when law enforcement responded to the domestic-disturbance calls, but the precise nature of what precipitated those calls is not clear and the record lacks details of what C may have experienced during those incidents. The record contains additional evidence that the DHS caseworker observed patterns of "power and control" present in interactions with mother, and that father has called the police and asked mother to leave the house when mother fails to take her medications and becomes emotionally escalated. Despite that evidence, the only direct evidence of the effect of the domestic abuse on C is father's testimony that it scares C when mother is emotionally escalated and the DHS caseworker's generalized testimony that, when children are exposed to the trauma of abuse between parents, it can cause an "emotional toll" from seeing those "relationship patterns" and that at C's "young age *** it could set up a long path of struggles with that trauma."

Without more details as to what happened during the domestic abuse incidents, it is unclear from the record if, and to what extent, C was present or exposed to the effects of any domestic abuse. *See A. W.*, 276 Or App at 281 (reversing a jurisdictional basis relating to domestic violence because "there was no evidence that [the child] had witnessed any physical violence, and, even if [the child] had seen or heard disagreements between his parents or between his parents and grandfather, DHS did not present evidence that such exposure put [the child] at risk of serious harm or injury"). Moreover, the caseworker's testimony was too general to support the allegations. That is, that testimony without more is akin to merely a "description of the general effect that domestic abuse can have on a child," which we have concluded is insufficient to establish a risk of serious harm that is reasonably likely to occur. *Dept. of Human Services v. K. C. F.*, 282 Or App 12, 20, 383 P3d 931 (2016) (reversing assertion of jurisdiction where DHS presented evidence that the children were exposed to and affected by the father's emotional abuse of the mother but where the record lacked

evidence of a present risk of serious harm to the children). Similarly, father's testimony that it has scared C when mother is emotionally escalated, without more, does not provide sufficient evidence connecting any domestic abuse with a current threat of serious loss or injury to C. Thus, although any domestic abuse between father and mother may have contributed to father's inability to maintain a safe environment for C, there is insufficient evidence in this record to support the domestic abuse allegations as bases for jurisdiction.

Reversed and remanded with instructions to enter a jurisdictional judgment omitting allegations 4C and 4G in the amended petition as a basis for jurisdiction; otherwise affirmed.